FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  AM 11: 58

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

CHRISTIAN STEPHAN BREBURDA

        Plaintiff,

vs.

OCHSNER CLINIC FOUNDATION,

        Defendant.

Civil Action No.

Section " 05-2816

Magistrate Division

SECT. D MAG. 4

## COMPLAINT
### (Jury Demanded)

### JURISDICTION

1. Plaintiff, Christian Stephan Breburda, is an individual residing in Madison, Wisconsin and a citizen of the State of Wisconsin.

2. Defendant, Ochsner Clinic Foundation, is a corporation incorporated under the laws of the State of Louisiana and has its principal place of business in New Orleans, Louisiana.

3. There is complete diversity of citizenship between the plaintiff and defendant, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, so this court has subject matter jurisdiction over this action

Fee __250.__
Process _____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

under the provisions of 28 U.S.C. § 1332(a).

## COUNT ONE

4. Plaintiff has for many years enjoyed an excellent reputation as a private citizen and physician who is board certified in cardiovascular medicine, internal medicine, and echocardiography in the United States, and board certified in cardiovascular medicine in Europe.

5. Defendant appointed plaintiff as its Director of Echocardiography on or about July 1, 2003.

6. On or about July 8, 2004, defendant maliciously filed a report concerning plaintiff with the National Practitioner Data Bank (hereinafter cited as the "NPDB report"), an information clearinghouse established by the United States Congress to collect and release information related to the professional competence and conduct of physicians and other health care practitioners. On information and belief, the NPDB report was thereafter disseminated to health care entities, including hospitals, state licensing boards, and others throughout the United States and the world.

7. The NPDB report is untrue, false, and defamatory. Among other things, it falsely states that plaintiff voluntarily surrendered his clinical privileges as a staff physician while under, or to avoid, an investigation relating to his professional competence or conduct. According to the defendant, the NPDB report was based upon a "serious question" as to

plaintiff's clinical competence to interpret echocardiograms. In fact, however, one of the leading cardiologists in the United States, Dr. Frederick H. Helmcke, Director of Echocardiography at the LSU School of Medicine, made an exhaustive review of the interpretations in question and found plaintiff's work entirely satisfactory.

8. On information and belief, defendant acted with knowledge of the falsity of the statements made in the NPDB report or with reckless disregard for their truth or falsity.

9. In filing the NPDB report, and thereafter failing to have it retracted, defendant must be presumed to have intended to injure plaintiff and to deprive him of the respect, confidence, and esteem so essential to a physician, and to bring plaintiff into scandal, ridicule, and professional disrepute among patients, colleagues, professional associations, licensing boards, and possible future employers.

10. Defendant was also negligent. Prior to filing the NPDB report, defendant failed to investigate the claim that plaintiff was not competent to interpret echocardiograms. With ordinary and reasonable care, defendant would have realized that it had no just grounds to file the NPDB report against plaintiff and that the report was grossly false and libelous, offensive and damaging to plaintiff.

11. As a result of the defendant's filing of the NPDB report and its subsequent release to health care entities and officials throughout the United States and the world, plaintiff has suffered loss of reputation, shame, and mortification, severe emotional distress, and injury to his business and profession.

## COUNT TWO

12. Plaintiff incorporates by reference, as if fully stated here, all of the allegations set forth in Paragraphs 1-11 of this Complaint.

13. Defendant's filing of the NPDB report and its subsequent release to health care professionals throughout the world have placed plaintiff in a false light in the medical profession in this country and abroad. In particular, the report implies, if it does not expressly state, that plaintiff is an incompetent physician and that he surrendered his clinical privileges and left the defendant's employ to avoid a peer review investigation of his conduct and professional ability to practice cardiovascular medicine. As will be demonstrated at the trial of this action, nothing could be further from the truth.

14. The adverse publicity created by the defendant's filing of the false NPDB report would be objectionable to any person of ordinary sensibilities, but particularly to the plaintiff, a supremely gifted cardiologist who enjoyed

an excellent reputation among his professional colleagues until the tortious conduct of the defendant complained of herein. The NPDB report made plaintiff the object of scorn and ridicule in the medical profession and has invaded the plaintiff's right of privacy by casting him in a false light, and has also injured his reputation, character, and business.

15. The filing and dissemination of the NPDB report were made with the defendant's continuing knowledge of its falsity, or with wanton and reckless disregard for the truth. At all relevant times, the defendant, its agents, and those acting in concert with it, have been fully aware, or should have been aware, that the defendant had no reasonable basis to file the NPDB report and permit its subsequent release to anyone. The nature of the report, which is entitled "**ADVERSE ACTION REPORT**" in bold-face type, the statements contained therein describing plaintiff's alleged actions, conduct, and intentions were all calculated falsehoods.

16. Defendant was also negligent in filing the NPDB report with the National Practitioner Data Bank, and in failing to retract it after being asked to do so repeatedly by plaintiff and his attorneys. With ordinary and reasonable care, defendant would have realized, or could easily have discovered, that the NPDB report was grossly false and libelous, highly offensive, and severely damaging to plaintiff.

17. As a result of the defendant's filing of the NPDB report and its subsequent release to health care professionals throughout the United States and the world – as defendant knew would occur -- plaintiff has suffered loss of reputation, shame, and mortification, severe emotional distress, and substantial injury to his business and profession.

COUNT THREE

18. Plaintiff incorporates by reference, as if fully stated here, all of the allegations set forth in Paragraphs 1-17 of this Complaint.

19. The acts complained of herein were intentional and malicious, and done for the purpose of causing plaintiff to suffer humiliation and mental anguish. Defendant confirmed, ratified, and persisted in its wrongful course of conduct toward the plaintiff with knowledge that plaintiff would suffer emotional distress and damage to his professional reputation and business, or reckless disregard of the consequences to plaintiff.

20. Defendant's acts and omissions, including its deliberate refusal to retract the NPDB report after receiving the independent evaluation by Dr. Frederick Helmcke that plaintiff's interpretations of echocardiograms were entirely satisfactory, were scandalous and outrageous, and exceeded the bounds of decency in a civilized community.

21. As a direct and proximate result of defendant's wrongful conduct,

plaintiff has suffered great humiliation, mental anguish, and emotional distress.

22. Defendant's acts were so wilful, malicious, and oppressive as to justify a substantial award of punitive damages against it in this action.

PRAYER FOR RELIEF

Plaintiff demands trial by jury and that that there be judgment against Defendant, Ochsner Clinic Foundation, for all damages that he has suffered, and will continue to suffer, as a result of the tortious acts of the defendant and its agents, with the amount of such damages to be determined upon the trial of this action, punitive damages to deter such conduct by the defendant in the future, and for prejudgment interest as authorized by law, costs of prosecution of this action, and such further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED:

_____
Roger A. Stetter (LSBA # 1614)
228 St. Charles Ave, Suite 1219
New Orleans, LA 70130
Tel (504) 524-9100/524-1151(fax)
Attorney for Plaintiff

**PLEASE SERVE**:
Defendant, Ochsner Clinic Foundation
Through its Registered Agent:

B. C. BRANNON
Ochsner Clinic Foundation
1514 Jefferson Highway
New Orleans, LA 70121

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**05-2816**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
*Christian Breburda*

**DEFENDANTS**
*Ochsner Clinic Foundation*

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant *Orleans Parish*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
*Roger A Stetter, 228 St Charles NOLA 70130, Tel 504/524-9100*

Attorneys (If Known)

**SECT. D MAG. 4**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: *Defamation, false light, intent'l infliction of emotional distress*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ *over 75,000*
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE *12 July 05*   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____